IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH ANN HARVEY, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No.  20-129 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment.  (ECF Nos. 14 and 16).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Amended Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.   On March 29, 2019, the Administrative Law Judge ("ALJ"), Eskunder Boyd, held a video hearing.  On April 11, 2019, the ALJ issued a decision finding that Plaintiff was not disabled under the Act.  (ECF No. 12-2, pp. 16-24).

After exhausting all administrative remedies, Plaintiff filed an action in this court seeking a review of this decision.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16).   The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")

RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ "failed to properly account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace.  (ECF No. 15, pp. 6-9).  Therefore, Plaintiff submits that remand is warranted.  *Id.*

Here, the ALJ found that Plaintiff has a moderate limitation with regard to concentrating, persisting, or maintaining pace.  (ECF No. 12-2, p. 19).   Additionally, the ALJ gave great weight to the state agency psychologist who opined, *inter alia,* that Plaintiff has a moderate limitation with regard to concentrating, persisting, or maintaining pace.  (ECF No. 12-3, pp. 6, 9).   The

consultative examiner also indicated that Plaintiff's ability to concentrate, persist, or maintain pace is affected.  (ECF No. 12-7, p. 33).   Based on the same, as well as all of the other evidence of record, including Plaintiff's testimony and activities of daily living, the ALJ crafted an RFC that sets forth the most Plaintiff can do despite her limitations. (ECF No. 12-2, p. 20).   In so doing, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with certain mental limitations.    (ECF No. 12-2, pp. 20-22).   With regard to the mental limitations, the ALJ stated as follows:

> She can perform simple, routine, repetitive tasks.   She can sustain concentration, persistence and pace for 2-hour segments.  She must have no more than occasional interaction with supervisors, only brief and superficial interaction with coworkers, and no interaction with the public.  She must work with little or no changes in duties, with no work requiring independent judgment (no setting duties/schedules for others, no responsibility for the safety of others).

(ECF No. 12-2, p. 20).

Contrary to Plaintiff's assertion otherwise, such restrictions have repeatedly been found sufficient to accommodate moderate limitations in concentration, persistence, and pace by the Third Circuit. *See, e.g., Hess v. Comm'r Soc. Sec.,* 931 F.3d 198, 210 (3d Cir. 2019)(simple tasks can fairly reflect "moderate difficulties in 'concentration, persistence, or pace'…if an ALJ provides a 'valid explanation'"); *McDonald v. Astrue,* 293 F. App'x 941, 946-47 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013)("restriction to simple, routine tasks accounted for the claimant's moderate limitations in

concentration, persistence and pace"); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace.").

Here, as set forth above, the ALJ set forth a valid explanation for the limitations and included them in the hypothetical posed to the Vocational Expert (VE).  (ECF No. 12-2, pp. 53-56).  An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).  Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.  Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH ANN HARVEY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI,[2] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.  20-129 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 22nd day of July, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[2] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.